IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| TIMOTHY L. ROBERTS and KAYE L. ROBERTS, his wife,<br>    Plaintiffs<br><br>v.<br><br>ELLWOOD NATIONAL FORGE COMPANY,<br>    Defendant | :<br>:<br>:<br>:   1:21-cv-88<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**COMPLAINT IN CIVIL ACTION**

NOW COME the Plaintiffs, Timothy L. Roberts and Kaye L. Roberts, his wife, by counsel and for their Complaint against Defendant respectfully represent:

I. **PARTIES AND JURISDICTION:**

1. Plaintiffs are Timothy L. Roberts and Kaye L. Roberts, residing at North Prairie, Wisconsin.

2. Defendant is Ellwood National Forge Company, a Pennsylvania limited liability company maintaining its registered office at 600 Commercial Avenue, P.O. Box 790, Ellwood City, Lawrence County, Pennsylvania 16117. Ellwood National Forge's primary business location is 1 Front Street, Irvine, Warren County, Pennsylvania, within the Erie Division of the Western District of Pennsylvania.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, in that all Plaintiffs are citizens of the State of Wisconsin and all Defendants are citizens

of the Commonwealth of Pennsylvania and the amount in controversy exceeds $75,000 exclusive of interest and costs.

4. Venue of this case is properly in the Western District of Pennsylvania pursuant to 28 U.S.C. §1391(b)(1) and (2) since this is the judicial district in which Defendant resides, and the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

5. This case is properly assigned to the Erie Division of the Western District pursuant to Western District LCvR 3, in as much as the Defendant resides in Warren County and the claim arose in Warren County, within the Erie Division of the Western District.

## II. FACTS:

6. Plaintiff Timothy L. Roberts was, on October 6, 2020, employed by Entrust Technology as a service manager for its line of gun drilling machines, one of which was installed at Defendant's facility in Irvine, Pennsylvania.

7. On October 6, 2020, Plaintiff was a business invitee of the Defendant at its Irvine facility to perform warranty maintenance on a B700 inline gun drilling machine used by Defendant.

8. As Plaintiff was tightening a bolt on the spindle of the machine, his foot slipped due to an accumulation of oil on the floor which Defendant had negligently permitted to accumulate. As he slipped backwards, he tripped over a hose and landed on the concrete floor, breaking his left radius at the wrist joint and suffering other injuries.

9. Defendant was negligent in maintaining its premises:

    a.    In permitting oil to accumulate on the floor around the machine Plaintiff was specifically called to service;

    b.    In failing to clean the floor in the area of the machine Plaintiff was called to service;

    c.    In failing to apply oil dry material in the area where Plaintiff fell, although oil dry had been applied in other areas;

    d.    In failing to warn Plaintiff of the existence of a thin film of oil on the floor which made it slippery and increased the likelihood of slipping and tripping over hoses extending across the floor;

    e.    In failing to clean up on the oil after it had accumulated and before Plaintiff was given access to the machine;

    f.    In permitting the accumulation of oil on the floor in the area it knew Plaintiff would be occupying to perform service on the machine; and

    g.    In failing to maintain its premises in a reasonably safe condition.

10.    Defendant was aware of the dangerous condition as evidenced by the fact other areas of the floor were covered in an oil dry substance, but not the area Plaintiff was required to work in.  To the extent that the defendant claims that the conditions was "open and obvious," it had notice of the condition as a matter of law.

11.    The condition had existed for a sufficient period of time to permit Defendant to remedy the dangerous condition.

12.    As the direct and proximate result of the negligence of the Defendant, Plaintiff suffered a displaced fracture of the radius of his left arm, requiring immediate surgery with placement of hardware, including a plate, clamp and seven screws, and a revision surgery to modify the hardware placement due to its impact on the tendons of Plaintiff's left arm.

13.    As the result of the negligence of Defendant as aforesaid, Plaintiff Timothy L. Roberts has suffered the following damages:

    a.    He has been and will be required to expend large sums of money on medical treatment, surgery, surgical appliances, physical therapy

    and related medical services in an effort to mitigate the effect of the injury on the functioning of his left arm, wrist and hand;

  b. He has in the past and will in the future suffer great pain, suffering, inconvenience and embarrassment as a result of the fracture, the resulting surgeries, and the limitations on his activities resulting from the left wrist fracture;

  c. He now has limited use of his left hand and wrist, which limitations will likely be permanent;

  d. He has in the past and will in the future suffer a substantial loss of earnings in that his employment was terminated as the result of the incident described; and

  e. He has lost the enjoyment of life's pleasures and has suffered other significant compensable damages.

14. Wife Plaintiff, Kaye L. Roberts, has, as the result of the negligence of the Defendant as aforesaid, suffered the loss of the society, services, and companionship of her husband.

## III.  CLAIMS FOR RELIEF:

### Count I – Negligence – Timothy L. Roberts v. Ellwood National Forge Company

15. Plaintiff Timothy L. Roberts incorporates herein by reference the averments of Paragraphs 1 through 14 of this Complaint as though fully set forth at length herein.

16. As the result of the negligence of the Defendant as aforesaid, Plaintiff Timothy L. Roberts has suffered the damages set forth above.

WHEREFORE, Plaintiff, Timothy L. Roberts, demands judgment in his favor and against Defendant in an amount in excess of $75,000, exclusive of costs and interest, together with his costs, prejudgment interest and such other and further relief as the Court deems just.

## Count II – Kaye L. Roberts v. Ellwood National Forge Company

17. Plaintiff Kaye L. Roberts incorporates herein by reference the averments of paragraphs 1 through 16 this Complaint as though fully set forth at length herein.

18. As the result of the negligence of the Defendant, Ellwood National Forge Company, Plaintiff Kaye L. Roberts has suffered the damages set forth above.

WHEREFORE, Plaintiff Kaye L. Roberts demands judgment in her favor and against the Defendant, Ellwood National Forge Company, in an amount in excess of $75,000, exclusive of costs and interest, together with her costs, prejudgment interest and such other and further relief as the Court deems just.

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By:/s/Timothy D. McNair
Timothy D. McNair, Esquire
PA ID# 34304
821 State Street
Erie, PA 16501
(814) 452-0700
(814) 454-2371 (fax)
tmcnair@mcnairlaw.com